1  SEYFARTH SHAW LLP
   William M. Brown (State Bar No. 127562) (wbrown@seyfarth.com)
2  Min Ho Lee (State Bar No. 221088) (milee@seyfarth.com)
   400 Capitol Mall Suite 2350
3  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
4  Facsimile: (916) 558-4839

5  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11  THOMAS JACQUES,                        )   Case No. 2:05-CV-01994-MCE-DAD
                                           )
12              Plaintiff,                 )   **DEFENDANT ALLSTATE INSURANCE**
                                           )   **COMPANY'S MEMORANDUM OF**
13       v.                                )   **POINTS AND AUTHORITIES IN**
                                           )   **SUPPORT OF MOTION FOR AN ORDER**
14  ALLSTATE INSURANCE, LORI              )   **STRIKING PLAINTIFF'S RETAINED**
    LAURITZEN, and DOES 1 through 50       )   **EXPERTS**
15  inclusive,                             )
                                           )   Date:  January 8, 2007
16              Defendants.                )   Time:  9:00 a.m.
                                           )   Dept.:  3
17                                         )
                                           )   Before Honorable Morrison C. England, Jr.
18                                         )
                                           )
19  _____)

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2  TABLE OF AUTHORITIES ................................................................................................ ii

3  I. INTRODUCTION ........................................................................................................... 1

4  II. FACTUAL BACKGROUND ......................................................................................... 1

5      A.    Pretrial (Status) Scheduling Order. ............................................................... 1

6      B.    Plaintiff's Repeated Failures To Comply With The Pretrial (Status)
             Scheduling Order Regarding The Disclosure Of Expert Witnesses. ............. 1
7

8  III. ARGUMENT ................................................................................................................ 3

9      A.    The Pretrial (Status) Scheduling Order Specifically States That Failure
             Of A Party To Comply With The Disclosure Schedule Will Preclude That
10           Party From Calling The Expert Witness at Trial. .......................................... 3

11     B.    Plaintiff Failed To Seek Modification Of The Order Prior To Filing His
             Amended Expert Disclosure Statement. ......................................................... 5

12     C.    Plaintiff's Complete Failure To Comply With The Order Of The Court
             Also Warrants Sanctions Under Rule 16(f). ................................................... 5
13

14           1.    Plaintiff's Retained Experts Susan Suhonos, Scott Barer, Joyce
                   Blonskij And George McGlaughlin Should Also Be Stricken Under
15                 Rule 37(b)(2)(B) ................................................................................ 6

16  IV. CONCLUSION ............................................................................................................. 8

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adriana Int'l Corp. v. Thoeren*,
    913 F.2d 1406 (9th Cir. 1990) ..............................................................7

*Biggs v. Wilson*,
    2 F.3d 1156 (9th Cir. 1993) ..................................................................4

*Computer Task Group, Inc., v. Brotby*,
    364 F.3d 1112 (9th Cir. 2004) ...........................................................6, 7

*Cruikshank v. Olsen*,
    917 F.2d 566 (9th Cir. 1990) .................................................................6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579, 113 S. Ct. 2786 (1993) ...................................................7

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992) ...........................................................6, 7

*Hyde & Drath v. Baker*,
    24 F.3d 1162 (9th Cir. 1994) .................................................................7

*In Heritage Bound Litigation*,
    223 F.R.D. 527 (C.D.C.A. 2004)...........................................................8

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D.Cal. 1999) ............................................................5

*Jauregui v. City of Glendale*,
    852 F.2d 1128 (9th Cir. 1988) ..............................................................4

*Jenkins v. Whittaker Corp.*,
    785 F.2d 720 (9th Cir. 1986) .................................................................6

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .............................................................4, 5

*Mallinckrodt, Inc. v. Masimo Corporation*,
    254 F. Supp. 2d 1140 (C.D.C.A. 2003) ..................................................8

*Martin Family Trust v. Heco/Nostalgia Enterprises Co.*,
    186 F.R.D. 601 (E.D.C.A. 1999)............................................................5

*Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisah*,
    218 F.R.D. 667 (C.D.Cal. 2003).............................................................5

*McLachlan v. Simon*,
    536 U.S. 941, 122 S. Ct. 2623 (2002) ...................................................6

*Navellier v. Sletten*,
    262 F.3d 923 (9th Cir. 2001) .................................................................6

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002)..................................................................6, 7

*Penk v. Oregon State Board of Higher Education*,
    816 F.2d 458 (9th Cir. 1987)........................................................................8

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002)......................................................................6

*Shapiro, Lifschitz & Schram, P.C. v. Hazard*,
    97 F. Supp. 2d 8 (D.D.C 2000)....................................................................4

*Sherman v. United Stated*,
    801 F.2d 1133 (9th Cir. 1986)......................................................................5

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*,
    768 F.2d 1099 (9th Cir. 1985)......................................................................4

*Valley Engineers v. Electric Engineering Co.*,
    158 F.3d 1051 (9th Cir. 1998)..................................................................6, 7

*Wanderer v. Johnston*,
    910 F.2d 652 (9th Cir. 1990)........................................................................6

*Zivkovic v. Southern California Edison Company*,
    302 F.3d 1080 (9th Cir. 2002)......................................................................5

## STATE CASES

*Feezor v. California Motel Investors*,
    2004 WL. 3619127 (E.D.Cal. 2004) ............................................................5

*Papagni v. Hammersmith Trust*,
    1999 WL. 33292939 (N.D.Cal.)....................................................................6

## FEDERAL STATUTES

Fed. R. Civ. P. 16(b)........................................................................................5

Fed. R. Civ. P. 16(e)......................................................................................1, 4

Fed. R. Civ. P. 16(f).......................................................................................1, 5

Fed. R. Civ. P. 26(a)(2)..............................................................................3, 4, 6

Fed. R. Civ. P. 37(b)(2)................................................................................1, 6

iii

# I. INTRODUCTION

This is an alleged disability discrimination action brought by Thomas Jacques ("plaintiff"), against his employer Allstate Insurance Company ("Allstate"). This motion arises out of plaintiff's counsel's repeated failure to comply with this Court's Pretrial (Status) Scheduling Order regarding expert witness disclosure and the requirement that plaintiff provide an expert witness report for his retained experts: Susan Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin. Instead of seeking relief from the Court, as he stated that he would, plaintiff's counsel merely filed an Amended Expert Disclosure Statement on November 10, 2006, thirty days after it was due.

Plaintiff's retained experts Susan Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin should be stricken as a sanction for plaintiff's failure to comply with this Court's Order and refusal to withdraw the improperly disclosed experts has necessitated the filing of this motion. Additionally, plaintiff's disclosure should be stricken under Federal Rules of Civil Procedure 16(e), 16(f) and 37(b)(2)(B).

# II. FACTUAL BACKGROUND

### A.    Pretrial (Status) Scheduling Order.

On February 6, 2006, the Court entered a Pretrial (Status) Scheduling Order. The Order provided that "all counsel are to designate in writing, file with the court, and serve upon all other parties the name, address and areas of expertise of each expert that they propose to tender at trial not later than October 10, 2006. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B)." (Pretrial Status Scheduling Order, Section V, Pg. 2-3.) It further stated that "failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial." (*Id.*)

### B.    Plaintiff's Repeated Failures To Comply With The Pretrial (Status) Scheduling Order Regarding The Disclosure Of Expert Witnesses.

On September 21, 2006, plaintiff served his first expert disclosure statement without filing it with the Court. (Decl. Lee ¶ 2; Exhibit 'A.') The statement included four retained

1   experts: Susan Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin.  (See Exhibit

2   'A.')  Contrary to this Court's Order, plaintiff failed to provide written reports prepared and

3   signed by these retained experts.  (*Id.*)  Instead, plaintiff's expert witness disclosure statement

4   was accompanied by plaintiff's counsel's declaration stating that Susan Suhonos, Scott Barer,

5   Joyce Blonskij and George McGlaughlin were retained experts.  (*Id.*)

6            On October 10, 2006, plaintiff filed and served his second expert disclosure statement.

7   (Decl. Lee ¶ 3; Exhibit 'B.')  Plaintiff listed Susan Suhonos, Scott Barer, Joyce Blonskij and

8   George McGlaughlin as percipient experts.  The expert witness disclosure failed to include a

9   written report prepared and signed by each retained expert.  (See Exhibit 'B.')

10           On October 24, 2006, Allstate's counsel wrote a letter to plaintiff's counsel requesting

11  that plaintiff withdraw Susan Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin as

12  retained experts because plaintiff's counsel violated the Court's Order when he attempted to

13  designate them as retained experts without providing written reports prepared and signed by

14  them.  (Decl. Lee ¶ 4; Exhibit 'C.')  Specifically, Allstate's counsel reminded plaintiff's counsel,

15  that the Court's Order made it clear that "[f]ailure of a party to comply with the disclosure

16  schedule in all likelihood will preclude that party from calling the expert witness at the time of

17  trial."  (*Id.*)

18           In a letter dated October 25, 2006, plaintiff's counsel acknowledged that all expert

19  designations and disclosures were due on or before October 10, 2006, and "any departure from

20  the Fed. R. Civ. P. 26(a)(2)(B) and the Pretrial (Status) Scheduling Order would have to be

21  reviewed and approved by the Court."  (Decl. Lee ¶ 5; Exhibit 'D.')  Plaintiff's counsel also

22  volunteered that plaintiff "[would] be applying to the Court for relief from the Rule with regard

23  to some or all of the retained experts identified in the disclosure document."  (See Exhibit 'D.')

24           Rather than filing a motion requesting leave of this Court, plaintiff served his First

25  Amended Expert Witness Disclosure Statement on November 9, 2006, which included two

26  retained experts: Scott Barer and George McGlaughlin.  (Decl. Lee ¶ 6; Exhibit 'E.')  It was not

27  accompanied by a written report prepared and signed by Scott Barer.  (*Id.*)

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SCI 17077317.1                                                    Case No. 2:05-CV-01994-MCE-DAD

1    The next day, on November 10, 2006, thirty days after the disclosure was required,

2    plaintiff filed and served his Second Amended Expert Witness Disclosure Statement. (Decl. Lee

3    ¶ 7; Exhibit 'F.')  It included four retained experts: Susan Suhonos, Scott Barer, Joyce Blonskij

4    and George McGlaughlin.  (See Exhibit 'F.')  A report was provided for George McGlaughlin.

5    However, the Second Amended Disclosure did not include written reports prepared and signed

6    by Scott Barer, Joyce Blonskij and Susan Suhonos. (*Id.*)

7        On November 13, 2006, Allstate's counsel again wrote a letter to plaintiff's counsel

8    requesting that plaintiff withdraw his improperly named and designated retained experts. (Decl.

9    Lee ¶ 8; Exhibit 'G.')  The letter stated that the Order required that all expert witness disclosures

10   should be completed by October 10, 2006, and parties cannot depart from the Order without

11   "applying to the Court for relief from the rule."  (See Exhibit 'G.')

12       In response, plaintiff's counsel responded in a letter dated November 14, 2006 that he

13   was allegedly told by "a Clerk in Judge England's Department" that he was not required to

14   "apply to the Court for relief from the Pre-Trial (Status) Scheduling Order" prior to filing

15   plaintiff's Second Amended Expert Witness Disclosure Statement.  (Decl. Lee ¶ 9; Exhibit 'H.')

16   The letter further stated that he was willing to withdraw Lisa Suhonos and Joyce Blonskij as

17   plaintiff's retained experts.  (See Exhibit 'H.')  On November 28, 2006, plaintiff served a report

18   prepared and signed by Scott Barer without filing it with the Court.  (Decl. Lee ¶ 10; Exhibit 'I.')

19       At no time has plaintiff even attempted to articulate that good cause exists which would

20   support modification of the Court's Pretrial (Status) Scheduling Order.

21                            **III.  ARGUMENT**

22   **A.    The Pretrial (Status) Scheduling Order Specifically States That Failure Of A Party**
         **To Comply With The Disclosure Schedule Will Preclude That Party From Calling**
23       **The Expert Witness at Trial.**

24       In addition to the requirement that all expert disclosures be made in accordance with

25   Federal Rule of Civil Procedure 26(a)(2)(B), this Court specifically ordered that the disclosure

26   must also be filed with the Court and served upon all parties by October 10, 2006.  (Pretrial

27   Status Scheduling Order, Section V, Pg. 2-3.)  The Court's Order unambiguously stated that the

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SCI 17077317.1                                    Case No. 2:05-CV-01994-MCE-DAD

1    "failure of a party to comply with the disclosure schedule as set forth above in all likelihood will

2    preclude that party from calling the expert witness at the time of trial." (*Id.*)

3         Once a Pretrial Scheduling Order is entered, it "control[s] the subsequent course of the

4    action unless modified by a subsequent order." Fed. R. Civ. P. 16(e).  In fact, the parties are

5    bound by the Order, unless one of them successfully seeks a modification of the Order from the

6    Court.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-609 (9th Cir. 1992) relying

7    on *Jauregui v. City of Glendale*, 852 F.2d 1128, 1133-34 (9th Cir. 1988); *Biggs v. Wilson*, 2 F.3d

8    1156 (9th Cir. 1993) (a pretrial schedule shall not be modified except by leave of the judge or a

9    magistrate upon the showing of a good cause); *U.S. Dominator, Inc. v. Factory Ship Robert E.*

10   *Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (a court may deny as untimely a motion filed after

11   the scheduling order cut-off date where no request to modify the order has been made); *Shapiro,*

12   *Lifschitz & Schram, P.C. v. Hazard*, 97 F. Supp2d 8, 11 (D.D.C 2000) (declining to modify a

13   scheduling order to permit the reopening of discovery, an extension of time to submit expert

14   reports, and a continuance to oppose a motion for summary judgment motion because defendant

15   had failed to show good cause under Rule 16).

16        In this case, plaintiff failed to satisfy any of the requirements set out in the Order

17   concerning retained experts: Susan Suhonos, Scott Barer, Joyce Blonskij and George

18   McGlaughlin.  In a failed attempt to rectify the defects in his previous expert disclosures, and

19   contrary to his assertion that he was going to seek relief from the Court, plaintiff simply filed his

20   Amended Expert Disclosure Statement on November 10, 2006, thirty days after such a statement

21   was due.  Try as he may, the Amended Expert Disclosure was still defective because it did not

22   include written reports prepared and signed by the retained experts, Susan Suhonos, Scott Barer

23   and Joyce Blonskij.  As a result, this Court should strike plaintiff's retained expert witnesses and

24   plaintiff should not be allowed to call them as retained experts at the time of trial pursuant to the

25   Court's February 6, 2006 Order.

26   ////

27   ////

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SC1 17077317.1                                                  Case No. 2:05-CV-01994-MCE-DAD

**B.    Plaintiff Failed To Seek Modification Of The Order Prior To Filing His Amended Expert Disclosure Statement.**

Once the District Court has filed a Pretrial Scheduling Order pursuant to Federal Rules of Civil Procedure, it "shall not be modified except upon a showing of a good cause." Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Feezor v. California Motel Investors*, 2004 WL 3619127(E.D.Cal. 2004); *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisah*, 218 F.R.D. 667, 671 (C.D.Cal. 2003); *Zivkovic v. Southern California Edison Company*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D.Cal. 1999).

This "good cause" standard primarily considers the diligence of the party seeking the amendment. "[T]he focus of the inquiry is upon the moving party's reason for seeking modification.... If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

Here, plaintiff has failed to even attempt to demonstrate that "good case" exists prior to filing his Second Amended Expert Disclosure Statement. In fact, he has defied the Order, willfully refused to comply with this Court's Order, and produced four defective expert disclosures. Recognizing that he could not establish good cause, plaintiff chose to ignore this requirement. Plaintiff should not be rewarded for this conduct.

**C.    Plaintiff's Complete Failure To Comply With The Order Of The Court Also Warrants Sanctions Under Rule 16(f).**

The Ninth Circuit has emphasized that: "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) Under Federal Rule of Civil Procedure 16(f), courts have "very broad discretion to use sanctions" against the non-compliance of scheduling orders. *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601, 602-603 (E.D.C.A. 1999), relying on *Sherman v. United Stated*, 801 F.2d 1133, 1135 (9th Cir. 1986) (indicating the purpose of Rule 16 is "to encourage forceful judicial management.")    As

5

Case 2:05-cv-01994-MCE-DAD    Document 21    Filed 12/11/06    Page 10 of 12

1 | set forth above, plaintiff has failed to comply with the Court's Order and continues to do so

2 | while ignoring his responsibility to request relief from this Court.

**1.    Plaintiff's Retained Experts Susan Suhonos, Scott Barer, Joyce Blonskij And George McGlaughlin Should Also Be Stricken Under Rule 37(b)(2)(B)**

Federal Rule of Civil Procedure 16(f) permits the imposition of sanctions provided in Federal Rule of Civil Procedure 37(b)(2)(B), precluding expert witnesses disclosed by a non-complying party. *See Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001); *McLachlan v. Simon*, 536 U.S. 941, 122 S.Ct. 2623 (2002); *Cruikshank v. Olsen*, 917 F.2d 566, 566 (9th Cir. 1990); *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 727-28 (9th Cir. 1986).

In deciding whether to grant a motion for sanctions under Federal Rule of Civil Procedure 37(b)(2)(B), courts have considered five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002); *Computer Task Group, Inc., v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004); *Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). Sanctions under Rule 37(b)(2) may be appropriate when three factors strongly favor the imposition of such sanctions. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992).

When like here, a Court's Order is violated, the first two factors support sanctions. *See Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998); *Papagni v. Hammersmith Trust*, 1999 WL 33292939 (N.D.Cal.); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (the first two of the factors favor the imposition of sanctions in most cases).

On the third factor, a plaintiff's repeated failure to comply with court orders constitutes adequate prejudice to the moving party so as to justify the Rule 37(b) sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Here, plaintiff has completely failed to comply with the Order and produced four defective expert disclosure statements. Furthermore, plaintiff's counsel deliberately filed plaintiff's Second Amended Expert Disclosure Statement in

6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SC1 17077317.1 | Case No. 2:05-CV-01994-MCE-DAD

contravention of the Court's Order and his stated position that he would be requesting the Court to modify its scheduling order. Plaintiff's failure to comply with the Order has prejudiced Allstate in its ability to prepare its case, particularly its motion for summary judgment. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (failure to produce documents as ordered … is considered sufficient prejudice); *Computer Task Group, Inc., v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). Lastly, nothing would cause greater prejudice to a party than to guess how and why an adversarial expert reached his or her conclusion.

The fourth factor normally mitigates against evidentiary sanctions that prevents disposition of cases on their merits. *See Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) However, excluding all evidence relating to Susan Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin would have minimal effect on the outcome of the case. First, plaintiff has already indicated that he would withdraw his experts Lisa Suhonos and Joyce Blonskij. Second, the purported testimony of George McLaughlin and Scott Barer will mostly likely be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).[1]

The fifth factor is not relevant in the present case since the Court already laid out the sanctions for the "failure of a party to comply with the disclosure schedule[,]" in the Order, which is preclusion of "that party from calling the expert witness at the time of trial." Although sanctions under Rule 37(b)(2) may be appropriate when three factors strongly favor the imposition of such sanctions, here, all five factors strongly support the imposition of sanctions. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992).

---

[1] The economist/accountant George McGlaughlin's "economic loss report" indicates that plaintiff went out on a leave of absence on "January 20, 20005" and returned to work "as of October 1, 2006[,]" yet his "loss calculation" treats plaintiff as if he had been terminated from his employment, and deals exclusively with plaintiff's "total lost earning capacity" from present to 2012. The alleged HR expert, Scott Barer, is a practicing attorney who is paid to argue the facts and law in favor of plaintiff. An attorney-expert, like Scott Barer, may not opine upon the reasonableness of a defendant's conduct, particularly when the subject of the inquiry is not sufficiently beyond common knowledge that people of ordinary education could reach a conclusion as intelligently as the witness. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 2796 (1993).

1    Furthermore, sanctions have been issued for violations that were less egregious than the

2    present case—where plaintiff met none of the requirements of the scheduling order as relates to

3    retained experts. *See In Heritage Bound Litigation,* 223 F.R.D. 527 (C.D.C.A. 2004)

4    (evidentiary sanctions under Rule 37(b)(2) is appropriate where a party failed to produced

5    documents pursuant to a court order); *Mallinckrodt, Inc. v. Masimo Corporation,* 254 F.Supp.2d

6    1140, 1155-58 (C.D.C.A. 2003) (court granted a motion to strike expert witnesses noting that "in

7    this particular instance, the granting or denying of the motion would have no effect on either the

8    party's ability to advocate their client's position."); *Penk v. Oregon State Board of Higher*

9    *Education,* 816 F.2d 458, 466 (9th Cir. 1987) (in granting the motion to strike expert witnesses, a

10   court noted that "no showing of willful disobedience is required for an exclusion order.")  In

11   light of plaintiff's refusal to follow the Pretrial (Status) Scheduling Order, the evidentiary

12   sanctions under Rule 37(b)(2)(B) is appropriate.

### IV.  CONCLUSION

14   Based upon all of the reasons set forth in this motion, Allstate respectfully requests that

15   this Court enter an order striking plaintiff's designation of Susan Suhonos, Scott Barer, Joyce

16   Blonskij and George McGlaughlin as retained experts and exclude all evidence regarding them.

DATED: December _11_, 2006                      SEYFARTH SHAW LLP


                                                By _____
                                                     William M. Brown
                                                     Min Ho Lee
                                                     Attorneys for Defendant
                                                     ALLSTATE INSURANCE COMPANY

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SCI 17077317.1                                   Case No. 2:05-CV-01994-MCE-DAD