Stephen G. Pongratz SBN 131276
BEYER, PONGRATZ & ROSEN
*A Professional Law Corporation*
3230 Ramos Circle
Sacramento, CA 95827
Telephone: (916) 369-9750
Facsimile: (916) 369-9760

Attorneys for Plaintiff
    THOMAS JACQUES

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JACQUES, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE, LORI LAURITZEN and DOES 1 through 50, inclusive <br><br> Defendants. | Case No.: 2:05-CV-01994-MCE-DAD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR ORDER STRIKING PLAINTIFF'S RETAINED EXPERTS** <br><br> Motion Date: January 8, 2007 <br> Motion Time: 9:00 a.m. <br> Motion Dept: 3 <br> The Honorable Morrison C. England, Jr. |

## I.

## INTRODUCTION

    This is primarily a Fair Employment and Housing Act case brought by Thomas Jacques against his present employer Allstate Insurance Company. Defendants have brought the instant motion to strike Plaintiff's experts on the ground that Plaintiff failed to comply with the Court's Pretrial Status Scheduling Order and with Federal Rules of Procedure 16(f). Plaintiff does not deny that the original Expert Witness Disclosure was defective, but requests that the Court deny the exclusionary sanctions because it would frustrate the policy of the determination of the case on its merits. Furthermore, sanctions would not be just as the defects have been cured and the

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

Defendants have not suffered any material prejudice. As fully explained below, this dispute was the result of an honest mistake by Plaintiff's former attorney. Defendants are now in possession of all necessary expert reports.

## II.
## STATEMENT OF FACTS

Defendants' recitation of the background facts leading to the instant motion are, for the most part, correct. However, in Plaintiff's defense, additional facts need to be addressed for the fair consideration of the motion. As described below, a series of missteps that led to the defective Expert Disclosure was a result of honest mistakes, a change in the status of the case and the abrupt departure of the attorney handling the case on behalf of the Plaintiff.

On October 10th, 2006, Plaintiff's attorney, Robert Bowman, served on counsel for Defendants an Expert Witness Disclosure identifying four retained experts. The Disclosure did not include the reports or opinions from the experts. Shortly thereafter, Mr. Bowman left the employ of Beyer, Pongratz & Rosen, effectively abandoning the case to the current counsel of record Stephen Pongratz. It was not until October 24, 2006, over two weeks after the deadline for the Disclosure, that Mr. Pongratz discovered that the Disclosure was defective after receiving correspondence from Defendants' counsel. (See Defendants' Exhibits "C" and "D")

In order to familiarize himself with the case, Mr. Pongratz met with Plaintiff and determined that two of the retained experts, whose identities had been disclosed, George McLaughlin and Scott Barer, were necessary to the case. Counsel also discovered that the reason for the defective Disclosure was that no reports had been requested by former counsel and thus none had been generated by the experts. At this point in time, the deadline having passed, Plaintiff's counsel believed that since the experts had been identified in the initial disclosure, the disclosure could be amended by subsequent inclusion of the necessary reports. Plaintiff's current counsel continued to work with the two retained experts he believed were necessary for the furtherance of this litigation. On November 9, 2006, Plaintiff received a report from expert George McLaughlin which Plaintiff's counsel immediately faxed to counsel for Defendants (See

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

ii

1  Defendants' Exhibit "F").  In a November 14, 2006 letter to defense counsel, Plaintiff's counsel
2  offered to withdraw two of the previously listed retained experts (Lisa Suhonos and Joyce
3  Blonskij).  In the same letter, Plaintiff's counsel communicated that he was making every
4  attempt to provide the "expert witness information in this matter at the earliest possible date" and
5  stated that "any reasonable accommodation which you feel would assist you in responding to this
6  situation would probably be agreed to by us." (See Defendants' Exhibit "H"). Two weeks later
7  Plaintiff's counsel received expert Scott Barer's report.  He immediately faxed the report to
8  opposing counsel and then sent a Third Amended Expert Witness Disclosure Statement, dated
9  November 29, 2006 to defense counsel (Pongratz Decl., Exhibit A and B).  This Disclosure
10 contained all of the necessary reports and information required by the Scheduling Order. As of
11 November 29, 2006, only one month after the discovery of the defective disclosure, defense
12 counsel was in possession of all necessary expert reports for the two experts that Plaintiff intends
13 to use at trial.

### III.
### LAW & ARGUMENT

**A.  Plaintiff's Defective Disclosure Was An Honest Mistake**

Plaintiff does not deny that the initial Expert Witness Disclosure was defective. However, given the circumstances surrounding the departure of the attorney handling the case and the late discovery of the defects, the attempts by subsequent counsel to amend the disclosure were timely and reasonable. Plaintiff's counsel attempted to resolve and amend the Disclosure in an expeditious and non-prejudicial manner by agreeing to withdraw two of the retained experts and by forwarding the remaining two experts' reports as soon as they were ready. These efforts were reasonably calculated to ensure that the defense received the experts' reports in as timely a manner as possible, and were made with a good faith belief that this was the most effective response to the problem.

Plaintiff acknowledges that the October 10, 2006 Disclosure did not comply with the Pretrial Scheduling Order, but disagrees with Defendant's characterization that Plaintiff has

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

"defied the order, (and) willfully refused to comply with this Court's order." (Defendants Memorandum, p.5, line 16). The failure of Plaintiff to produce the reports appears to be an honest mistake on the part of former counsel (the format and contents of the original Expert Witness Disclosure tracks the California requirements of an Expert Disclosure. See Defendants Exhibit "A").  Although there is ultimately no excuse for the former attorney's mishandling of the Disclosure, Plaintiff's counsel made every effort to rectify the situation and accommodate the defense by withdrawing two experts and forwarding the remaining experts' reports immediately after they were prepared.

### B.   Exclusionary Sanctions Would Be Unjust

The exclusion of Plaintiff's only two retained experts would be a harsh sanction for a mistake that was not willful, offers no advantage to Plaintiff and has had no prejudicial impact on the Defendants. Federal Rule of Civil Procedure 16(f) empowers the Court to sanction violations of a pretrial order by "orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f) (emphasis added). Additionally, any Rule 37(b)(2) sanction must be just. *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). As argued below, exclusionary sanctions would not be just and would undermine the policy relating to resolution of cases on their merits. Withholding sanctions would not prejudice the Defendants as they have been in possession of the subject discovery prior to the filing of the instant motion.

Defendants rely on a balancing of five factors set forth in *Rio Props., Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002) as justification for an exclusion of Plaintiff's experts as a sanction.  The factors include: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* At 1022.  The behavior complained of in *Rio Props., Inc. v. Rio International Interlink* is in stark contrast to the innocent oversight made in the present case and demonstrates why the imposition of an exclusion sanction in the instant case

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

1

1 would be unjust.

2 As to the first two factors, Defendants fail to supply any analysis as to how a late Expert Disclosure contravenes the public's interest in expeditious resolution of litigation or impacts the court's management of its docket, but simply states when a "Court's order is violated, the first two factors support sanctions." (Defendant's Memorandum, p. 6, line 20). In *Rio*, the defendant it failed to provide meaningful discovery responses, failed to cooperate with meet and confer attempts, and even failed to respond after the court granted plaintiff's motion to compel and expressly warned the defendant that it would issue preclusive sanctions as monetary sanctions would not be a sufficient sanction. *Id* at 1013. In *Rio* it is apparent that the stubborn and willful refusal to participate in the discovery process hindered the resolution of the case, caused unnecessary law and motion and flaunted the authority of the court. In the present case, the only affect on the flow of the litigation has been a mere delay in the delivery of expert reports. The defective disclosure represented a mistake by previous counsel and does not reflect any purposeful dilatory behavior or wanton disrespect of the Court's management of its docket. Subsequent counsel did not engage in any delay tactics or boldfaced refusal to obey the Court's order, and in fact tried to remedy the defective disclosure and engage in a good-faith interactive process with defense counsel. Defendants' conclusory analysis is, in essence, a call for punitive action for an inadvertently broken rule that has had little effect on the progress of this litigation.

As to the third factor, the risk of prejudice to the party seeking the sanctions, there has been no showing that Defendants have been prejudiced. Defendants were put on notice of the identity of the experts, as well as the nature of the testimony, by the original Disclosure. Defendants have also, although admittedly late, been furnished with all the experts' reports via Plaintiff's Third Amended Expert Witness Disclosure. Defendants claim that "nothing would cause greater prejudice to a party than to guess how and why an adversarial expert reached his or her conclusion." (Defendants' Memorandum, p. 7, line 6-7). This argument rings hollow because by the time this motion was filed (December 11, 2006), Defendants had already received the complete reports of both experts, and therefore were fully apprised of the opinions of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

2

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

1  experts.

2  Defendants' own assertion in the next paragraph of their brief that the "testimony of
3  George McLaughlin and Scott Barer will most likely be excluded" is further evidence that
4  Defendants have been adequately informed of the anticipated opinions and testimony. They
5  certainly could not be of this opinion, as explained fully in a footnote, unless they have been
6  fully informed. In sum, Defendants proclaim prejudice on the sole fact that the order was not
7  complied with, but fail to substantively explain how they have been damaged by the late
8  disclosure. Defendants' own arguments indicate that they were in possession of the opinions and
9  had analyzed them sufficiently to opine about their admissibility prior to the filing of the instant
10 motion. As such the third factor of prejudice simply does not weigh in Defendants' favor.

11 The fourth factor, the public policy of disposition of cases on their merits, certainly
12 weighs in favor of Plaintiff. Unintentional tardiness is the only transgression that Plaintiff is
13 guilty of. To deny the resolution of the case on the merits because of Plaintiff's former counsel's
14 inattentiveness would be an injustice. This is not a case of repeated discovery violations and
15 wanton disregard of the Court's authority - - it is about a simple mistake that present counsel
16 quickly tried to rectify. Plaintiffs' experts have been retained to testify about both liability and
17 damages and are critical to the prosecution of Plaintiff's case. Defendants have received the
18 experts' reports, have ample time to depose the witnesses, and will have an opportunity to
19 exclude the experts on the merits. Their exclusion at this juncture based on an untimely delivery
20 of reports would be contrary to the public policy of the determination of a case on its merits.

21 The fifth factor, availability of lesser sanctions, also weighs in Plaintiff's favor.
22 Defendants claim this factor is not relevant in the present case. Although true for the most part,
23 Plaintiff has agreed to withdraw two of the experts that it originally disclosed, and as such has
24 volunteered to be sanctioned to a lesser degree.

25 On the whole, there has been no real injury to Defendants. While Plaintiff concedes that a
26 mistake was made, the only prejudice that resulted from the mistake was a brief delay in the
27 delivery of the discovery. All of the factors weigh in Plaintiff's favor. There has been no effect

28 **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

3

BEYER, PONGRATZ & ROSEN
A Professional Law Corporation
3230 Ramos Circle
Sacramento, CA 95827
(916) 369-9750
Facsimile: (916) 369-9760

on the flow of litigation or the Court's management of its docket. There has been no prejudice to Defendants - - they have the necessary reports and can challenge the admissibility at a later date. It would be unjust, at this point, to deny Plaintiff the ability to resolve the case on its full merits.

## IV.
## CONCLUSION

Plaintiff respectfully requests that the Court overrule Defendants' motion to Exclude Expert Witness Documents.

THE LAW OFFICES OF

BEYER & PONGRATZ & ROSEN
A Professional Law Corporation

Dated: December_23__, 2006     By:  Stephen G. Pongratz /s/
                                    STEPHEN G. PONGRATZ
                                    Attorney for Plaintiff

**BEYER, PONGRATZ & ROSEN**
*A Professional Law Corporation*
*3230 Ramos Circle*
*Sacramento, CA 95827*
*(916) 369-9750*
*Facsimile: (916) 369-9760*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

4

LAW OFFICES OF BEYER, PONGRATZ & ROSEN  Case No. 2:05-CV-01994-MCE-DAD
A Professional Law Corporation                T. Jacques v. Allstate Ins. Co.
3230 Ramos Circle
Sacramento, CA 95827

**PROOF OF SERVICE BY MAIL**

I, Sandra Smith, declare:

I am a citizen of the United States, employed in the City of Sacramento, County of Sacramento. My business address is 3230 Ramos Circle, Sacramento, California 95827. I am over the age of 18 years and not a party to the above-entitled action.

I am familiar with the Business practice of the LAW OFFICES OF BEYER, PONGRATZ & ROSEN whereby facsimiles are sent over the appropriate means proscribed by law. I am familiar with the business practices of the LAW OFFICES OF BEYER, PONGRATZ & ROSEN in which the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a U.S. mailbox after the close of each day's business.

On December _26_, 2006, I served the following:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR ORDER STRIKING PLAINTIFF'S RETAINED EXPERTS**

XX    on the parties in this action by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail and;

XX    on the parties in this action by causing a true copy thereof to be telecopied by a facsimile to the attorney(s) of record in the above-entitled action

       on the parties in this action by causing a true copy thereof to be delivered by hand on the offices of the addressee(s) :

addressed as follows:

Seyfarth Shaw LLP
Min Ho Lee
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on December _26___, 2006, at Sacramento, California.

Sandra Smith /s/
Delcarant

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS DOCUMENTS.**

5