UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS JACQUES,

        Plaintiff,

   v.

ALLSTATE INSURANCE, LORI LAURITZEN, and DOES 1 through 50 inclusive,

        Defendants.

2:05-CV-1994-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Thomas Jacques alleges Defendant Allstate Insurance Company ("Allstate") discriminated against him, harassed him and retaliated against him in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code sections 12920 and 12940, et seq. In addition, Plaintiff alleges he was denied medical leave to which he was entitled under the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2612, as well as under the California Family Rights Act ("CFRA"), Cal. Gov't Code section 12945.2.

///

1

Further, Plaintiff alleges Allstate failed to reasonably accommodate his disability in violation of FEHA, Cal. Gov't Code section 12940 et seq.[1] Pursuant to an Order of this Court granting in part and denying in part summary judgment, the only remaining claims are retaliation and failure to accommodate. Presently before the Court is Allstate's Motion to Strike Plaintiff's disclosed expert witnesses. As explained below, Allstate's Motion is DENIED. However, Plaintiff is hereby directed to pay a sanction of $250.00 for violation of this Court's earlier Order.

**BACKGROUND**

On February 6, 2006, this Court entered a Pretrial (Status) Scheduling Order ("PTSO"). The Order provided that "all counsel are to designate in writing, file with the court, and serve upon all other parties the name, address and areas of expertise of each expert that they propose to tender at trial not later than October 10, 2006. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B)." PTSO, Section V, p. 2-3. It further provides that "failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial." *Id.*

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1    On September 21, 2006, Plaintiff served his first expert
2 disclosure statement without first filing that statement with the
3 Court.  The statement included four proposed experts: Lisa
4 Suhonos, Scott Barer, Joyce Blonskij and George McGlaughlin.
5 Plaintiff failed to provide the requisite written reports
6 prepared and signed by the foregoing experts.  On October 10,
7 2006, Plaintiff filed and served his second expert disclosure
8 statement.  Like before, the disclosure statement again failed to
9 include a written report prepared and signed by each retained
10 expert.  Both disclosure statements were in violation of this
11 Court's PTSO requiring a written report accompany each expert
12 designation.
13    In fact, Plaintiff's original counsel, responsible for the
14 foregoing errors and omissions, abruptly resigned from his
15 representation of Plaintiff subsequent to committing those
16 errors.  Plaintiff's current counsel, Mr. Pongratz, only learned
17 of the defective disclosures after the deadline has passed.
18 Immediately, Mr. Pongratz sought to correct the errors by seeking
19 and obtaining the necessary reports and promptly advancing them
20 to Defense counsel.  Similarly, Plaintiff offered to withdraw two
21 of the previously listed experts, Lisa Suhonos and Joyce
22 Blonskij, in an effort to mitigate the effect of these errors.
23 By November 29, 2006, one month after the discovery defect was
24 identified, Defendant's counsel was in possession of all
25 necessary reports.  Nonetheless, Defendant's counsel filed the
26 present Motion seeking to strike all Plaintiff's expert witnesses
27 based on his violation of this Court's PTSO.
28 ///

3

**STANDARD**

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citation omitted] ... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). If a party fails to obey a pretrial scheduling order, the Court may properly strike a party's pleading. Fed. R. Civ. P. 16(f), 37(b)(2)(C).

Nonetheless, Federal Rule of Civil Procedure 16(f) empowers the Court to sanction violations of a scheduling order. Specifically, the Rule provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just. Fed. R. Civ. P. 16(f); *see also Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001).

**ANALYSIS**

Allstate contends that the appropriate sanction in the present action is to exclude all Plaintiff's expert witnesses given Plaintiff's failure to attach the requisite expert reports. Plaintiff replies that the sanction of exclusion would be a harsh remedy given that Allstate has suffered no prejudice as a result of the foregoing error and public policy would dictate Plaintiff be permitted to present his disclosed experts. The Court agrees.

4

As Rule 16 clarifies, the Court may impose such orders as are just to remedy violations of its' PTSO. As a means of assessing the appropriate sanction, the Court may consider the following factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002).[2]

In the present action, the Court finds the foregoing factors weigh in favor of permitting Plaintiff to bring his two fully disclosed experts. Specifically, the Court's docket will not be affected by permitting Plaintiff to put on his two experts nor is there a risk of prejudice to Allstate given that the requisite reports have long been produced. Similarly, the Court finds that permitting the disposition of this matter on the merits with all relevant evidence will be better served by permitting Plaintiff to put on his expert witnesses despite his delay in timely producing the subject reports. Finally, there is a far lesser sanction the Court can impose to acknowledge Plaintiff's failing yet permit a full adjudication of the merits of his claim. Namely, the Court finds that a sanction of $500.00 is appropriate to redress Plaintiff's violation of this Court's PTSO.

---

[2] The *Rio* case addressed the suitability of dismissal as a sanction for failing to comply with discovery orders. While not expressly on point, the Court finds the central issues raised in both instances analogous. Therefore, the Court shall consider the factors set forth in *Rio* to assess the suitability of exclusion of Plaintiff's experts here.

5

The Parties should note that the Court places great weight on Plaintiff's acknowledgment of his error and his prompt attempt to rectify the same. Allstate has the benefit of the reports as intended by the spirit and letter of this Court's PTSO. Trial preparation has not been impeded nor is there any other discernable prejudice resulting from Plaintiff's omission. In addition, Plaintiff has voluntarily withdrawn two of the four original experts in an effort to mitigate any damages caused by his error.

## CONCLUSION

The Court finds it appropriate to exclude Lisa Suhonos and Joyce Blonskij as expert witnesses in this matter. Scott Barer and George McGlaughlin shall not be excluded to the extent they meet all other evidentiary requirements. Plaintiff is hereby directed to tender payment in the amount of $250.00 to the Clerk of this Court within twenty (20) days from the date of this Order as a sanction for his failure to fully comply with the Court's PTSO.

IT IS SO ORDERED.

Dated: February 5, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE