UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS JACQUES,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY, et al.,

        Defendants.

2:05-cv-01994-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Defendant Allstate Insurance Company's ("Allstate") previous Motion for Summary Judgment was granted in part as to certain claims, but denied as to Plaintiff's claims for retaliation, failure to accommodate, and punitive damages.  Allstate now moves this Court to reconsider its previous order, entered February 12, 2007, pursuant to Fed. R. Civ. P. 60(b)[1] on the grounds of an intervening change in controlling law, citing the recent California Supreme Court decision in Green v. State,

---

[1] Although Defendant's moving papers cite to Fed. R. Civ. P. 16(b), the Court presumes Defendant intended to move for reconsideration under Fed. R. Civ. P. 60(b).

1

42 Cal. 4th 254, decided August 23, 2007. More specifically, Defendant moves for reconsideration of the partial denial of summary judgment on Plaintiff's claims for retaliation, failure to accommodate, and punitive damages.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989). Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

Fed. R. Civ. P. 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgement should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

///

Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b).

> Although not expressly provided for in the Federal Rules of Civil Procedure, a court has the inherent authority to reconsider its own orders. A motion for reconsideration is appropriate if the court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) decides that an intervening change in the controlling law occurred.

School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). To succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water District v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## ANALYSIS

Allstate contends the recent Green ruling requires Plaintiff to prove he was a "qualified individual" in order to claim that Defendant has in some way violated FEHA. Because Allstate argues that an intervening change in the controlling law renders the prior order incorrect, their Motion to Reconsider will be treated as having been brought under Rule 60(b)(6).

///

3

1 This Court's previous order stated that "[u]nlike the ADA, the
2 FEHA does not require that reasonable accommodation for
3 disability be made only where the person is 'a qualified
4 individual' able to perform the essential functions of the job."
5 Order at 19, n.2.

6 In Green, the court repeatedly cites California Government
7 Code section 12940(a), countering the plaintiff's contention in
8 that case "that the employer bears the burden to prove that a
9 plaintiff employee is not qualified to sue under the FEHA." 42
10 Cal. 4th at 257, 262, 264. This Court's prior order, however,
11 addresses claims made under sections 12940 (m) and (n).
12 Subdivision (m) "defines a separate and distinct unfair
13 employment practice independent of subdivision (a). Bagatti v.
14 Dep't of Rehabilitation, 97 Cal. App. 4th 344, 361 (2002); Order
15 at 19, n.2. Subdivision (n) "provides an independent basis for
16 liability," distinct from subdivision (a). Gelfo, 140 Cal. App.
17 4th at 61; Order at 19.

18 Subdivision (a) prohibits an employer from discharging or
19 refusing to hire any person due to reasons of physical disability
20 (among others), except where the employee is unable to perform
21 the essential duties even with reasonable accommodations. This
22 provision carries the implicit requirement that an employee must
23 show that he is a "qualified individual" capable of performing
24 his essential duties in order to avoid the permitted employer
25 action of termination or hiring refusal. In addition to placing
26 the burden of proof as to the qualification on the plaintiff,
27 this is the essential holding of Green. *See* Green, 42 Cal. 4th
28 at 267.

4

1    Subdivision (m) of section 12940 mandates that the employer
2 make reasonable accommodations for the employee.  Subdivision (n)
3 requires an employer to "engage in a timely, good faith,
4 interactive process with the employee or applicant to determine
5 effective reasonable accommodations, if any," upon the request of
6 an employee with a known physical condition.  An employer's duty
7 under subdivision (m) "is inextricably linked" to its duty under
8 subdivision (n).  Gelfo, 140 Cal. App. 4th at 61.  An employer
9 must therefore "determine the extent of the individual's
10 limitations, before an individual may be deemed unable to work."
11 Id.  Requiring a plaintiff to show that they are a qualified
12 individual in order to seek relief for the employer's failure to
13 engage in the interactive process runs counter to the demand of
14 subdivision (n), which dictates a proactive interchange between
15 employer and employee.  Before a discharge or refusal to hire
16 occurs, and thus before the basis for a potential claim arises,
17 the employer must earnestly communicate with the employee to
18 determine qualification.  Id.
19    It does not follow that an employer may successfully defend
20 its failure to comply with subdivisions (m) and (n) of section
21 12940 by asserting, long after the required bilateral dialogue
22 should have occurred, that the employee was not a qualified
23 individual.
24 ///
25 ///
26 ///
27 ///
28 ///

5

Indeed, in Gelfo, the defendant's argument, that "an employer owes no duty to engage in a 'futile' discussion" with an employee "to whom no duty of reasonable accommodation is or will be owed," was expressly rejected because of the essential nature of the interactive process in accomplishing the goals underlying FEHA.[2] Id. As a matter of policy, it is difficult to contemplate that the California Legislature would have valued sparing employers the relatively low cost of engaging in a "discussion" over the much more substantial costs of potentially denying an entire class of employees job opportunities for a lack of otherwise reasonable accommodations. Therefore, it is not likely that the holding in Green was intended to impose a "qualified individual" requirement on actions brought under subdivisions (m) and (n) of section 12940.

Further, in contrast to the numerous citations to subdivision (a), the Green court discusses subdivision (m) of section 12940 in only one paragraph of the entire opinion, and then only to state that the Bagatti holding (which this Court previously relied on) "provide[s] little guidance on the qualification issue because it involved a cause of action for the failure to accommodate under section 12940 subdivision (m)." Green, 42 Cal. 4th at 265. Indeed, the appellate court decision reviewed in Green commented that "the parties focused solely on the discrimination claim" pursuant to subdivision (a).

///

---

[2] The distinction between an employee that is "known" to be disabled per section 12940 (m)-(n) and one that is "merely 'regarded as'" disabled per the discussion in Gelfo is not at issue in this case.

6

1  Green v. State, 33 Cal. Rptr. 3d 254, 264 (2005), rev'd, 42 Cal.
2  4th 254 (2007).  Subdivision (n) of section 12940 is not
3  specifically addressed by the Supreme Court's opinion.
4       Finally, Green makes no express effort to overrule,
5  disapprove, or otherwise negate the above cited precedents, nor
6  those cited in the prior Order.  In fact, the court begins its
7  analysis by claiming that "California cases ... [have] nearly
8  unanimously presumed plaintiffs must prove ... that they are
9  qualified individuals under the FEHA in order to prevail."
10 Green, 42 Cal. 4th at 260.  The contrasting opinions of Bagatti
11 and Gelfo regarding subdivisions (m) and (n) of section 12940
12 provide further indication that the Supreme Court did not intend
13 to address failure to accommodate claims in Green.
14      Therefore, although the holding in Green contains
15 generalizations such as "we conclude that under the FEHA, a
16 plaintiff must demonstrate that he or she was qualified for the
17 position sought or held," Id. at 267, given the court's exclusive
18 treatment of subdivision (a) of section 12940, with no mention of
19 any other part save the one paragraph dismissing the relevance of
20 subdivision (m), it is far from clear that the ruling extends to
21 the entire section.  Accordingly, this Court finds that it did
22 not commit clear error in its previous ruling, that no
23 intervening change in the controlling law occurred, and that the
24 reasons presented do not justify relief from the operation of its
25 judgment.
26 ///
27 ///
28 ///

7

**CONCLUSION**

Based on the foregoing, Allstate's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: October 18, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE